UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

TUFAMERICA, INC.,

       Plaintiff,

v.

THE ORCHARD ENTERPRISES, INC.

       Defendant.
--------------------------------------------------------x

Civil Action No.

COMPLAINT

11 CV 1816

RECEIVED MAR 16 2011 U.S.D.C. S.D.N.Y. COMPLETED

Plaintiff TufAmerica, Inc. ("TufAmerica"), by and through its undersigned counsel, alleges as follows:

## BACKGROUND

1.    This case is about the infringement of at least hundreds of song copyrights by Defendant as a result of Defendant's ongoing sale of digital downloads of songs owned or controlled by Plaintiff (the "Infringed Recordings") over a number of years while failing to make a single mechanical copyright license royalty payment to Plaintiff. Plaintiff TufAmerica is the owner or exclusive licensee of each of the Infringed Recordings. Defendant is a company that supplies digital copies of songs to third parties, including consumers, by direct sale and through third-party sellers such as iTunes and Amazon. TufAmerica seeks to recover damages for Defendant's copyright infringement, and to enjoin further distribution of the Infringed Recordings.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue in this judicial district is appropriate pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(a).

1

3. This Court has personal jurisdiction over Defendant. Defendant has directed its activities and marketing of the Infringed Recordings at New York residents, and New York residents are able to purchase and download the Infringed Recordings. Defendant thus does continuous and systematic business in New York, upon information and belief has entered into transactions directly related to the subject matter of this lawsuit, and is present in New York for purposes of establishing this Court's jurisdiction over it under N.Y. C.P.L.R. §§ 301 and 302(a)(1).

## PARTIES

4. Plaintiff TufAmerica, Inc. is a New York corporation with a place of business at 10 West 37th Street, Suite 601, New York, New York.

5. Upon information and belief, defendant The Orchard Enterprises, Inc. ("Orchard") is a Delaware corporation with its principal place of business in New York, New York.

## FACTS

6. TufAmerica is the owner of the Tuff City Music Group, which was founded in 1981 as a rap and hip-hop label. Since then, TufAmerica has moved into other musical genres, including blues, soul, funk, and R&B, acquiring the rights to thousands of musical recordings and compositions.

7. In September, 2006, TufAmerica contracted with Digital Music Group, Inc. ("Digital"), Orchard's predecessor in interest, to license to Digital the rights to, among other things, market a large number of musical tracks by way of digital downloads (the "Digital License"). TufAmerica delivered thousands of musical recordings to Digital under the Digital License.

8. In late 2007, Digital and Orchard merged, and Orchard assumed Digital's obligations under the Digital License.

9. Under the terms of the Digital License, Orchard, and Digital before it, had the obligation to pay TufAmerica a number of different types of payments in exchange for the digital distribution rights to the tracks that were subject to the Digital License. These categories included Advances, a Licensing Fee, Royalties, Additional Royalties, and mechanical royalties.

10. TufAmerica has received payments from Digital and/or Orchard for sales of the Infringed Recordings, from time to time, of the Advances, the Licensing Fee, Royalties, and Additional Royalties.

11. TufAmerica has never received a single payment of any mechanical license royalty for any sales of any of the Infringed Recordings from either Digital or Orchard.

12. Annexed hereto as Exhibit A and incorporated herein by reference is a listing of some, but not all, of the Infringed Recordings for which TufAmerica is entitled to receive a mechanical license royalty from Orchard.

13. TufAmerica is either the owner or the exclusive administrator and licensee of each of the Infringed Recordings set forth in Exhibit A, as well as, upon information and belief, of other Infringed Recordings being distributed without payment of any mechanical royalty by Orchard.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement)**

14. TufAmerica repeats and realleges the allegations set forth in paragraphs 1 through __ above as if set forth fully herein.

15. Orchard is liable to TufAmerica for Copyright Infringement under 17 U.S.C. § 501, et seq. for each and every sale of every Infringed Recording for which no mechanical royalty has been paid.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

16. TufAmerica repeats and realleges the allegations set forth in paragraphs 1 through __ above as if set forth fully herein.

17. Orchard has been unjustly enriched by its failure to pay TufAmerica the mechanical royalties for the Infringed Recordings, and TufAmerica has been damaged thereby.

18. Orchard is liable to TufAmerica for the tort of Unjust Enrichment under New York State common law.

WHEREFORE, TufAmerica prays for judgment against Orchard as follows:

1. For a preliminary and permanent injunction enjoining Orchard, and their respective agents, servants, employees, officers, successors, licensees, and assigns, and all persons acting in concert or participation with each or any of them, from directly or indirectly infringing in any manner any of the Infringed Recordings, including but not limited to the recordings listed on Exhibit A.

2. For an accounting, the imposition of a constructive trust, restitution to TufAmerica of Orchard's unlawful proceeds, and damages according to proof or, in the alternative, for statutory damages according to law.

3. For punitive and exemplary damages in an amount as may be awarded at trial.

4. For prejudgment interest according to law.

5. For TufAmerica's costs incurred in this action including its reasonable attorneys' fees.

6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: _____
Kelly D. Talcott
The Law Offices of Kelly D. Talcott
34 Grove Street
P.O. Box 43
Sea Cliff, New York 11579
v.516.515.1545
f.516.871.0682

Attorney for Plaintiff TufAmerica, Inc.

Dated: March 16, 2011

5